GULOTTA, Judge.
The trial judge dismissed, on exceptions of no right and no cause of action, plaintiffs’ petition to perpetuate testimony in connection with a contemplated future suit against defendants. We affirm.
In their petition plaintiffs allege, 1) that they are lessees of the Board of Commissioners of the Port of New Orleans of property situated adjacent to the Industrial Canal; 2) that defendants contemplate alteration, renovation, and reconstruction of the Florida Avenue bridge over the Industrial Canal; 3) that this project will disturb plaintiffs’ peaceable possession and will impede ingress to and egress from petitioners’ property, thereby adversely affecting plaintiffs’ businesses; 4) that serious safety and environmental hazards will be created; and 5) that because plans and specifications for the project have not been submitted for approval to various governmental agencies, an injunction suit is premature.
Relying on LSA-C.C.P. arts. 1429 and 1430, plaintiffs seek to depose seven (7) of defendants’ representatives and employees whom plaintiffs allege are “subject to transfer geographically” and may not be reasonably available for testimony after suit is filed. Defendants name as deponents, 1) David S. Huval, Bridge Design Engineer of Louisiana Office of Highways; 2) Sidney L. Polenard, Department Assistant Secretary of Louisiana Office of Highways; 3) Blaise M. Carriere, Director of Department of Streets, City of New Orleans; 4) Pierre Reeh, Director of Planning and Post Development of Board of Commissioner of the Port of New Orleans; 5) Edward S. Reed, Executive Board Director of Board of Commissioner of the Port of New Orleans; 6) Larry Rousseau, Project Engineer of Industrial Canal Lock, U.S. Corps of Engineers; and 7) Col. Herbert R. Haar, Associate Port Director of Board of Commissioners for the Port of New Orleans
According to the petition, plaintiffs seek to develop information relating to plans and alternatives to the project; consultants’ reports; histories of the project; lease information; local, state and federal funding; *1306 discussions relating to compliance with the Environmental Protection Agency and Federal Highway Regulatory Act; disclosures of records of the State Highway Department and Board of Commissioners of Port of New Orleans; details of plans, specifications and drawings; prior studies, traffic flow conditions, present and possible project traffic hazards, present and future ingress and egress problems; knowledge of, discussion and contemplation of plans to change the Industrial Canal locks and width, the Florida Avenue bridge and other projects by the U.S. Corps of Engineers; and, “other matters which reasonably relate” to the substance of the testimony and contemplated actions.
Additionally, plaintiffs requested in their petition that a Subpoena Duces Tecum issue ordering defendants to produce all surveys, studies, writings, diagrams, reports, correspondence, opinions, files, records, applications and financial information which in any way relate to the contemplated project from 1957 through the present date.
MOTION TO DISMISS
Before considering the appeal on its merits, it is necessary that we dispose of defendants’ Motion to Dismiss the appeal. The basis of defendants’ motion is that since the appeal has been lodged all bids for the project have been rejected; that the proposed construction has been indefinitely postponed; and it appears unlikely that the project will be constructed as originally designed. Under these circumstances, defendants claim the matter is now moot and the appeal should be dismissed.
We do not agree. The affidavit of the Director of the Department of Streets, City of New Orleans, attached to the motion, states that because the bids received for the project were substantially in excess of available funding “it is not certain” that the project will be readvertised for bid. Significantly, the affidavit does not indicate that the project has been abandoned. The possibility continues to exist that it may be readvertised. Because of the uncertainty of the construction we conclude the appeal is not moot. The motion to dismiss the appeal is denied.